IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 1:01-CR-0811-JOF |
| | : | |
| | : | CIVIL ACTION NO. |
| CURTIS JAMES FAY, | : | 1:03-CV-3336-JOF |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the court on Petitioner Curtis James Fay's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [38-1].

**I.   Background and Procedural History**

Petitioner, Curtis James Fay, pled guilty on February 22, 2002, to a two-count indictment. Count I charged a violation of 18 U.S.C. § 2422(b), using a facility of interstate commerce to entice a child to engage in criminal sexual activity, and Count II charged a violation of 18 U.S.C. § 2252A(a)(2)(A), receipt of child pornography which has been transported in interstate commerce. On October 11, 2002, Petitioner was sentenced to 87 months' imprisonment, three years' supervised release, a $12,500 fine, and a $200 special assessment. Petitioner did not file a direct appeal.

Petitioner filed the instant § 2255 motion on October 30, 2003.[1] In his motion, Petitioner contends (1) his guilty plea was not voluntary because the agreement was not followed and enhancements were requested by the Government, (2) he was denied effective assistance of counsel because his counsel allowed him to plead guilty to Count II of the indictment knowing that he had a possible defense, and (3) the court erred in refusing to grant Petitioner a downward departure for acceptance of responsibility because he accepted full responsibility for his actions.

## II.  Discussion

### A.  Procedural Bar

As noted above, Petitioner did not file a direct appeal to his conviction and sentence. As such, generally any challenges in a § 2255 proceeding would be barred. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Here, however, Petitioner does raise an ineffective assistance of counsel claim that may excuse his procedural default. Id.

To establish that his trial attorney rendered ineffective assistance of counsel, Petitioner must show both that the performance of his attorney was deficient and that such deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A guilty plea is open to attack on the ground that counsel did not provide the defendant with

---

[1] Pursuant to the mailbox rule, the court deems Petitioner's § 2255 motion as filed on the date Petitioner delivered it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988).

reasonably competent advice." *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (internal quotations omitted). Because a guilty plea constitutes a waiver of certain constitutional rights, "it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and consequences." *United States v. French*, 719 F.2d 387, 390 (11th Cir. 1983)

In order to show ineffective assistance of counsel in connection with his decision to plead guilty, a petitioner must show that his counsel's representation was deficient and that there is a reasonable probability that but for his counsel's errors, he would not have pled guilty. *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986). Here, Petitioner contends that his counsel was ineffective in allowing him to plead guilty to Count II of the indictment because he had a possible defense. Petitioner, however, does not explain what that defense is and never asserts that but for his counsel's allegedly deficient performance, he would not have pled guilty. Accordingly, it is not clear that Petitioner could overcome any procedural bars with respect to waiver of appellate and habeas rights in his guilty plea. In any event, as explained below, in addition to finding no ineffective assistance of counsel, the court also finds that Petitioner's plea was knowing and voluntary.

### B.  Knowing and Voluntary Nature of Plea

On February 22, 2002, Petitioner entered a guilty plea to a two-count indictment. Under the terms of the Plea Agreement, Petitioner waived his right to appeal his sentence or collaterally attack his sentence in a post-conviction proceeding. *See* Agreement, at 2 (noting

3

Petitioner could appeal an upward departure); Plea Transcript, at 11. During the plea colloquy, Petitioner agreed to plead guilty. *Id.* at 8. Petitioner acknowledged that he was freely and voluntarily giving up certain rights by doing so. *Id.* at 10. The court also reminded Petitioner that he could not withdraw his guilty plea if his sentence was more than his counsel had predicted. *Id.* at 7. The court confirmed with Petitioner that the Plea Agreement discussed during the colloquy was as Petitioner understood it and that nobody had promised him anything that was not discussed during the colloquy. *Id.* at 12.

The court recognizes that the statements made by a defendant during a plea colloquy do not impose an insurmountable barrier to a subsequent challenge to a guilty plea. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Nevertheless, the Supreme Court has made clear that "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Petitioner stated to the court that no one had promised him anything that was not discussed during the plea colloquy. Furthermore, in his § 2255 motion, Petitioner does not specify in what manner the Government did not follow the Plea Agreement or what "enhancements" were made that were not permitted by the Agreement. Because the court finds that Petitioner's guilty plea was knowing and voluntary, Petitioner cannot avoid the procedural bar to the instant § 2255 motion. In any event, as the court notes below, Petitioner's arguments are without merit.

### C. Ineffective Assistance ("Defense" to Count II of Indictment)

4

In the instant § 2255 motion Petitioner does not indicate what defense he contends he had to Count II of the indictment. The court does note that several months after Petitioner pled guilty, Petitioner's counsel filed a motion to withdraw his guilty plea as to Count II of the indictment and to dismiss Count II. In that motion, Petitioner argued that in *Ashcroft v. The Free Speech Coalition*, 122 S. Ct. 1389 (2002), the Supreme Court ruled the prohibitions of sections 2256(8)(B) and 2256(8)(D) overbroad and unconstitutional. Because Count II of his indictment contained language similar to that of the sections struck down by the Court, Petitioner argued that he should be permitted to withdraw his guilty plea and Count II should be dismissed. The Government responded that *Free Speech Coalition* addressed only cases involving virtual child pornography whereas in the instant case, the images alleged involved an actual child. The Government further contended that any language from sections 2256(8)(B) and 2256(8)(D) contained in Count II of Petitioner's indictment was surplusage. The court denied Petitioner's motion on June 10, 2002.

Because the Supreme Court did not rule in *Free Speech Coalition* until April 16, 2002, Petitioner's counsel could not have been deficient in failing to advise Petitioner of that case law at the time of his plea in February 2002. Petitioner's counsel filed the motion to withdraw guilty plea based on *Free Speech Coalition* shortly after the opinion was issued. The fact that the court did not agree with Petitioner's counsel's interpretation of that case does not render his performance deficient. Finally, Petitioner does not indicate in his § 2255 motion that but for his attorney's performance, he would not have pled guilty. Accordingly,

5

the court does not find that Petitioner's counsel rendered ineffective assistance of counsel with respect to Count II of the indictment.

### D.  Acceptance of Responsibility

Even if Petitioner could overcome the procedural bars, his argument for acceptance of responsibility is also without merit.  Both Petitioner's counsel and the Government recommended a downward departure for acceptance of responsibility.  *See* Sentencing Transcript, at 37-38.  The court disagreed with those recommendations because the court believed that Petitioner attempted on several occasions to deceive the investigating authorities.  *Id.* at 38.  Thus, the court denied a downward departure for acceptance of responsibility.  *Id.*

"A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility."  *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).  "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea."  *Id.*

In his § 2255 motion, Petitioner asserts only in a conclusory fashion that he "accepted full responsibility for his actions."  As the court noted at sentencing, the Pre-Sentence Report contains numerous instances of Petitioner attempting to deceive the persons investigating his activities.  *See United States v. Hernandez*, 160 F.3d 661, 667-68 (11th Cir. 1998) (district court may deny acceptance of responsibility if defendant denies relevant conduct the court

6

determines to be true). Accordingly, the record does not clearly establish that Petitioner accepted personal responsibility and the court did not err in denying Petitioner a downward departure on this basis.

### III.     Conclusion

For the foregoing reasons, the court DENIES Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [38-1].

**IT IS SO ORDERED** this 2nd day of November 2004.

                                                      s/ J. Owen Forrester
                                                     J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)