# United States Court of Appeals
For the Eleventh Circuit

---

No. 09-12279

---

District Court Docket No.
01-00811-CR-01-JOF-1

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN - 5 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 3, 2009
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

CURTIS JAMES FAY,

        Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JAN 0 4 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: December 3, 2009
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]



IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-12279
Non-Argument Calendar

D. C. Docket No. 01-00811-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS JAMES FAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(December 3, 2009)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Curtis James Fay appeals his sentence of 12 months imprisonment and 36

months supervised release, which was imposed after the revocation of his supervised release. Fay contends that the district court failed to comply with United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), when it failed to elicit objections from the parties regarding the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed. He also contends that the record is insufficient for meaningful appellate review of the procedural and substantive reasonableness of his sentence.

District courts must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law," as well as to "the manner in which the sentence is pronounced." Jones, 899 F.2d at 1102. The objection-elicitation requirement of Jones applies to revocation of supervised release proceedings. United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007). A district court's question about whether there is "anything else" or "anything further" is not enough to meet that requirement. Id. "Where the district court has not elicited fully articulated objections following the imposition of sentence, [we] will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." Jones, 899 F.2d at 1103. Remand is unnecessary, however, if the record on appeal is

sufficient for meaningful appellate review. Campbell, 473 F.3d at 1347.

At the conclusion of Fay's revocation hearing, the district court imposed the sentence and asked, "anything else?" In response, neither side raised a "fully articulated objection." Therefore, the district court failed to comply with the procedure required by Jones. See Campbell, 473 F.3d at 1348. Furthermore, the record is insufficient to allow for meaningful review of the reasonableness of Fay's sentence.

A sentence imposed upon the revocation of supervised release is reviewed for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). An abuse of discretion standard applies to our reasonableness review. Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). "[W]e must first ensure that the district court committed no significant procedural error." Id. at 51, 128 S. Ct. at 597. To do that, we determine whether the district court (1) properly calculated the guideline range; (2) treated the guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence, including an explanation for any variance from the guideline range. Id., 128 S. Ct. at 597; Campbell, 473 F.3d at 1349 (holding that in a revocation proceeding we must "first determine whether the district court correctly interpreted and applied

the appropriate advisory Guidelines range.") (quotation marks omitted).

In a revocation proceeding when the district court finds "by a preponderance of the evidence that a defendant has violated a condition of supervised release, [a district court may] revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Sweeting, 437 F.3d at 1107; see 18 U.S.C. § 3583(e). One of the factors that the court must consider is the sentencing range established by the guidelines or policy statements issued by the Sentencing Commission. Campbell, 473 F.3d at 1348; see 18 U.S.C. §§ 3583(e), 3553(a)(4). For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time of the defendant's original sentencing. U.S.S.G. §§ 7B1.1, 7B1.4.

In Campbell we held that the record was insufficient for meaningful appellate review because during the revocation hearing the district court never mentioned the guideline range, and it did not mention the criminal classification of the violation that was the basis for the revocation. Campbell, 473 F.3d at 1349. Even though defense counsel and the government mentioned the guideline range during the revocation hearing, we concluded that the record still was insufficient

4

because "the district court <u>itself</u> never made any on-the-record conclusion regarding the Guidelines or the applicable sentencing range." Id. at 1349 n.2 (emphasis in original). We declined to consider the reasonableness of the ultimate sentence because we must be able to determine whether a sentence is procedurally reasonable before we address substantive reasonableness. Id. at 1349.

Here, the district court itself never identified the guideline range or even mentioned the word "guideline." Furthermore, the district court never mentioned the criminal classification for the violations used to revoke Fay's supervised release or his criminal history category. Thus, as in <u>Campbell</u>, the record is insufficient to determine whether the district court correctly calculated the sentencing range or considered the sentencing range and policy statements. Because we are unable to determine whether Fay's sentence is procedurally reasonable, we cannot review the substantive reasonableness of Fay's ultimate sentence. See <u>Campbell</u>, 473 F.3d at 1349. Accordingly, we vacate Fay's sentence and remand to the district court for resentencing in accordance with <u>Jones</u> and <u>Campbell</u>.

**VACATED AND REMANDED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia