

Curtis James Fay
c/o CURTIS JAMES FAY
usms # 53062-019
Federal Correctional Institution
P.O. Box 7000
Texarkana, Texas at [75505]

Sui Juris in Propria Persona

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 6 2010

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(Atlanta Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>-v-<br><br>CURTIS JAMES FAY,<br><br>    Defendant/Movant.<br>_____ / | Case # 1:01-cr-00811-JOF<br>    -GGB-1<br>NOTICE OF MOTION, and<br>MOTION TO VACATE VOID<br>JUDGMENT, Rule 60(b)(4),<br>F.R.Civ.P<br><br>ADMIRALTY/MARITIME<br>JURISDICTION IS INVOKED<br><br><u>THIS IS A COURT OF RECORD</u> |

TO: MARY CHRISTINE ROEMER, OFFICE OF THE UNITED STATES ATTORNEY, ALL SUCCESSORS AND/OR ASSIGNS;

**PLEASE TAKE NOTICE THAT** on January 5, 2010, at 9:00 a.m., in the Courtroom of the Honorable J. OWEN FORRESTER, UNITED STATES DISTRICT COURT JUDGE, or as soon thereafter as the Court may act, the Movant, CURTIS JAMES FAY, by and through its Authroized Representative, Curtis James Fay ["Fay"] will move, and does move the Court for vacature of the void judgment entered in this case on October 22, 2002, because the Plaintiff has no Standing-to-Sue in the matter, the trial proceeded entirely upon "hypothetical jurisdiction," and the judgment was entered in the absence of jurisdiction of the subject-matter. The judgment is void <u>ab initio</u>.

RESPECTFULLY SUBMITTED this /4th day of January, 2010 Anno Domino.

                                [signature]
                                By, Curtis James Fay, sui juris
                                For, CURTIS JAMES FAY, ens legis

## JURISDICTIONAL STATEMENT

The trial of this claim by the UNITED STATES OF AMERICA, ["Plaintiff"] proceded upon "Statutory Jurisdiction" pursuant to Title 18 USC § 3231, before the Plaintiff made a threshold showing of "injury in fact," "causation," or "redressability." Steel Company v. Citizens for Better Environment, 523 US 83, 140 L Ed 2d 210, 118 S Ct 1003 (1998); Friends of the Earth v. Laidlaw Env. Sys., 528 US 167, 145 L Ed 2d 610, 120 S Ct 693 (2000).

> "Where jurisdiction is challenged, it must be proved... The law requires proof of jurisdiction to appear on the record of the Administrative agency and all administrative proceedings. ... Jurisdiction may never be assumed, it must be proven."

Hagen v. Lavine, 415 US 528, 533, 39 L Ed 2d 577, 94 S Ct 1372 (1974).

A void judgment is one that, from its inception, is a complete nullity and without legal effect, and must be distinguished from one that is merely erroneous, irregular, or voidable. Jones v. Giles, 741 F 2d 245 (9th Cir. 1984). Federal courts are courts of limited jurisdiction, whose constitutional or congressional limitations must be neither disregarded nor evaded. Id. at 248, citing, Stoll v. Gottleib, 305 US 165, 171, 59 S Ct 134, 137, 83 L Ed 104 (1938). A judgment is not void simply because it is erroneous, but only where the rendering court lacked subject matter jurisdiction or acted in a manner inconsistent with due process of law. Carter v. Fenner, 136 F 3d 1000 (5th Cir. 1998).

In the case of void judgments that are attacked under Rule 60(b)(4) the district court's discretion is almost illusory, if it exists at all. Void judgments are "legal nullities," and the court's refusal to vacate such judgments is a per se abuse of discretion. See Rule 60, "Relief From Judgment Or Order," Author's Commentary on Rule 60, Pt. III, page 839; Cashner v. Freedom Stores, Inc., 98 F 3d 572, n. 4, (10th Cir. 1996):

> "...Rule 60(b)(4) motions are a breed apart. Questions of timliness, meritorious defenses and unfair prejudice are irrelevant in such instances. Unlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions have no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not."

Goetz v. Synthesys Technologies, Inc., 329 F Supp 2d 828 (W.D. Tex. 2004) at 830.

A jurisdictional challenge may be brought at any time. United States v. Mitchell, 867 F 2d 1232, n. 2., and it can never be waived. See 20 Am Jur 2d, §§ 62, 63.:

> "There can be no valid waiver of an objection that a court lacks jurisdiction of the subject matter..., [and] an objection based on grounds of jurisdiction over the subject matter must be considered, and can be raised at any time."

Rule 60(b)(4) "preserves a party's opportunity to obtain vacature of a judgment that is void for lack of subject matter jurisdiction..." Gonzalez v. Crosby, 545 US    , 162 L Ed 2d 480, 125 S Ct    (2005). It is available post-collateral-attack, and cannot be construed to be a successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996. Id. at 162 L Ed 2d 491.

When a court, such as here, receives a jurisdictional challenge it has no jurisdiction but to "notice the defect and dismiss the cause." Steel Co., 140 L Ed 2d at 217.

## FACTS

Texas state  )
             ) Scilicit
Bowie county )

### Affidavit of Facts

I, Curtis James Fay, a natural man endowed by my Creator with unalienable Rights, among which are Right to Life, Liberty, and the Pursuit of Happiness, being a sovereign man, above the age of majority, having personal knowledge of the facts, and being competent to testify state the following:

1. In the year 2002 the Plaintiff, UNITED STATES OF AMERICA, a "Federal Corporation" [28 USC § 3002(15)], by and through its authorized agents, sought and received an Indictment from a Grand Jury, arrested the Transmitting Utility [vessel] named CURTIS JAMES FAY, Social Security Number 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 ;

2. The body of Curtis James Fay was seized as the Surety for the Transmitting Utility, and disingenuously made to believe that he was the named defendant;

3. The trial that ensued and the judgment that was entered at the conclusion of the administrative proceeding was fraudlent because I was never informed of the true nature of the procedure and my participation was not informed, nor voluntary;

4. Moreover, at no time prior to, during, or after the trial did the Plaintiff establish an "injury in fact," to another living creature; it did not show how the defendant "caused" the un-alleged injury; and, it did not show how placing my body in a prison for 87 months, with three years of supervised release after imprisonment concluded would "redress" the injury that was never claimed;

5. The Plaintiff has not presented me with any contract bearing my signature in which I agreed to be liable for "offenses against the laws of the United States," and I believe none exists;

**FURTHER AFFIANT SAYETH NAUGHT**

Sworn this 14th day of January, 2010 Anno Domino, at Bowie County, Texas state, under penalty and pains of perjury.

_____
Curtis James Fay, sui juris

_____, 1-13-10
(name)        (title)
Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. 4004).

-4-

# Definitions

"Interpretation,  "Ordinary meaning of words is to be used when analyzing a case." <u>Moskal v. United States</u>, 497 US 103, ___ L Ed 2d ___, ___ S Ct ___ (1990).

Court of Record,  "To be a Court of Record a court must; A) be a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, B) proceeding according to the course of the Common Law, C) have power to fine or imprison for contempt, D) generally possess a seal, [Black's Law Dictionary, 4th Ed., pp 425-426] and, E) its acts and judicial proceedings are enrolled or recorded for a perpetual memory and testimony. [<u>Erwin v. United States</u>, 37 F 488 (D.C.Ga.)]

"Merchant Law"  [latin: "lex mercantoria"] Commercial law. "The substantive law dealing with the sale and distribution of goods, and the financing of credit transactions on the security of the goods sold, and the negotiable instruments. Most American commercial law is governed by the Uniform Commercial Code. Law Merchant." Black's, 7th Ed., p. 263.

"Admiralty"  A court that exercises jurisdiction over all maritime [merchant] contracts, torts, injuries, or OFFENSES. [They] do not arise under the Constitution and the laws of the United States [codes]. Admiralty courts are courts of the Law of Nations [Art. I, § 8, cl 10], and a large part of their power, and in some cases, their entire power is derived from such law." [<u>The Eagle</u>, 75 US 15, 19 L Ed 365 (1869)].

"Commercial Crime"  "Any of the following types of crimes (federal or state): offenses against the revenue laws; bulgary; counterfeiting; forgery; kidnapping; larceny; robbery; illegal sale or possession of deadly weapons; prostitution (including soliciting, procuring, pandering, white slavery, keeping house of ill fame, and the like offenses); extortion; swindling and confidence games; and attempting to commit, conspiring to commit, or compounding any of the foregoing crimes. Addiction to narcotic drugs and the use of marijuana will be treated as if such were commercial crimes." [27 CFR § 72.11] www.washingtonwatchdog.org/documents.

"Criminal Procedure"  The Rules governing the mechanism under which CRIMES are investigated, prosecuted, adjudicated, and punished. It includes the protection of the accused persons constitutional rights. Black's 7th Ed, p. 382.

# Points and Authorities
## Which Establish That Judgement is Void

A. <u>Factors To Be Considered In Determining A Motion To Vacate Void Judgement Under Rule 60(b)(4).</u>

A void judgement is one that, from its inception, is a complete nullity and without legal effect, and must be distinguished from one which is merely erroneous, irregular, or voidable. <u>Jones v. Giles</u>, 741 F 2d 245 (9th Cir. 1984). Federal Courts are courts of limited jurisdiction, whose constitutional or congressional limitations must be neither disregarded nor evaded. <u>Id.</u> at 248, <u>citing</u>, <u>Stoll v. Gottlieb</u>, 305 US 165, 171, 59 S Ct 134, 137, 83 1 Ed 104 (1938). A judgement is not void simply because it is erroneous, but only where the rendering court lacked subject matter jurisdiction or acted in a manner inconsistent with due process of law. <u>Carter v. Fenner</u>, 136 F 3d 1000 (5th Cir. 1998). The Ninth Circuit will review <u>de novo</u> a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgement as void, because the question of the validity of a judgement is a legal one. <u>Export Group v. Reef Industries, Inc.</u>, 54 F 3d 1466, 1469 (9th Cir. 1995).

B. <u>Where Subject Matter Jurisdiction is Absent The Court Has No Discretion In Deciding Rule 60(b)(4) Motion.</u>

In the case of "void" judgements attacked under Rule 60(b)(4) the district court's discretion is almost illusory, if it exists at all. Void judgements are "legal nullities," and the court's refusal to vacate such judgements is a <u>per se</u> abuse of discretion. <u>See</u> Rule 60, "Relief From Judgement or Order, Author's Commentary on Rule 60, Pt. III," page 839; <u>Cashner v. Freedom Stores, Inc.</u>, 98 F 3d 572, 579 n. 4 (10th Cir. 1996).

> "... Rule 60(b)(4) motions are a breed apart. Questions of timeliness, meritorious defenses and unfair prejudice are

irrelevant in such instances. Unlike motions pursuant to
other subsections of Rule 60(b), Rule 60(b)(4) motions
have no margin for consideration of the district court's
discretion as the judgements themselves are by definition
either legal nullities or not."

Goetz v. Synthesys Technologies, Inc., 329 F Supp 2d 828, (W.D. Tex. 2004) at 830.

### C. Jurisdiction Can Be Raised At Any Time.

The single issue raised in this Rule 60(b)(4) motion is whether the district court had jurisdiction of the subject matter, and therefore it can be raised at any time. United States v. Ruelas, 96 F 3d 1324 (9th Cir. 1996); United States v. Mitchell, 867 F 2d 1232, n. 2. Moreover, jurisdiction can never be waived. See 20 Am Jur 2d, §§ 62 and 63.

"There can be no valid waiver of an objection that a
court lacks jurisdiction of the subject matter...
[and] an objection based on grounds of jurisdiction
over the subject matter must be considered, and can
be raised at any time."

Rule 60(b)(4) "preserves parties opportunity to obtain vacatur of a judgement that is void for lack of subject matter jurisdiction [...] since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties," Gonzalez v. Crosby, 545 US ___, 162 L Ed 2d 480, 125 S Ct ___, (2005) and is available post-collateral-attack, and cannot be construed as a "successive petition" under the AntiTerrorism and Effective Death Penalty Act of 1996. Id. at 162 L Ed 2d 491.

D.  In This Case The District Court Was Deprived Of Jurisdiction Of The Subject Matter Because The Government's Attorneys Failed to Establish Standing To Hale Fay Into Court In The First Instance.

The District Court must vacate the void judgement in case 1:01-CR-00811-01-JOF because the UNITED STATES OF AMERICA has no standing to hale FAY/Fay into federal court, and where standing is absent the court has no jurisdiction of the subject matter. Steel Co. v. Citizens For A Better Environment, 523 US 83, 140 L Ed 2d 210, 118 S Ct 1003 (1998); Friends of Earth v. Laidlaw Env. S., 528 US 167, 145 L Ed 2d 610, 120 S Ct 693 (2000).

In this case the Government has never attempted to establish standing to sue FAY by meeting the three prong requirement set forth by the Supreme Court in Steel Co.

Here, the Government offered no basis of standing and the court proceeded to the merits of the case based solely upon a presumption of jurisdiction from Title 18 USC §§ 2242(b) and 2252A(a)(2)(A). The Assumption of jurisdiction of the subject matter and the judgement that resulted from it produced nothing more than a "hypothetical judgement" (merely an advisory opinion) which the Supreme Court rejected from the beginning of the Republic. See Muskrat v. United States, 219 US 346, 362, 31 S Ct 250, 256, 55 L Ed 246 (1911); Hayburn's Case, 2 Dall 409 (1792).

In Steel Co., supra, the Supreme Court addressed itself to a theory known as "hypothetical jurisdiction" developed by the Ninth Circuit in United States v. Troescher, 99 F 3d 933, 934 n 1. (1996). Under "hypothetical jurisdiction" a court assumes jurisdiction of the subject matter by assuming that Congress had constitutional authority to enact the statute relied on by the Government in bringing the charge, and proceeded to the merits of the case based on those assumptions in Steel Co., supra, the Supreme Court clearly and soundly rejected the doctrine of "hypothetical jurisdiction:"

> "While some [previously cited] cases must be acknowledged
> to have diluted the absolute purity of the rule that
> Article III jurisdiction is always an anticedent
> question none of them even approaches approval of a
> doctrine of "hypothetical jurisdiction" that enables a
> court to resolve contested questions of law when its
> jurisdiction is in doubt. <u>Hypothetical jurisdiction
> produces nothing more than a hypothetical judgement</u> --
> which comes to the same thing as an advisory opinion,
> disapproved from the beginning. <u>Muskrat v. United States</u>,
> 219 US 346, 362, 55 L Ed 246, 31 S Ct 250 (1911);
> <u>Hayburn's Case</u>, 2 Dall 409, 1 L Ed 436 (1792). [emphasis added]

<u>Steel Co. v. Citizens For A Better Environment</u>, 140 L Ed 2d 231.

This "doctrine of hypothetical jurisdiction" was a creation of the Ninth Circuit, which removed from the Government the burden of first establishing the grounds for federal jurisdiction, before a determination of factual guilt proscribed by the statute was made. Such a doctrine of presumptive jurisdiction unconstitutionally enlarged the ability of the Government to try a defendant not properly accused. In <u>Steel Co.</u> the Supreme Court recognized the constitutional defect and made clear that it was not to continue, because "[o]n every writ of error or appeal the first and fundamental question is that of jurisdiction." <u>Id.</u> at 277.

> "We decline to endorse such an approach because it
> carries the courts beyond the bounds of authorized
> judicial action and thus offends fundamental principles
> of separation of powers. This conclusion should come as
> no surprise, since it is reflected in a long and venerable
> line of our cases. 'Without jurisdiction the court cannot

proceed at all in any cause. <u>Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause'.</u>" Ex parte McCardle, 7 Wall 506, 514, 19 L Ed 264 (1869).

Steel Co. 140 L Ed 2d at 227. [emphasis added]

The Steel Co. Court explained that before a court enjoys jurisdiction of the subject matter, and may therefore proceed to the merits, it must satisfy itself that <u>the plaintiff</u> has established standing to hale the defendant into court in the first instance by meeting a three prong test:

> "Standing to sue is part of the common understanding of what it takes to make a justicable case. Whitmore v. Arkansas, 495 US 149, 155, 110 S Ct. 1717, 1723, 109 L Ed 2d 135 (1990).
> 
> "The 'irreducable constitutional minimum of standing contains three requirements. Lujan v. Defenders of Wildlife, [504 US 555, 112 S Ct 2130] at 2136 (1992). **First and foremost,** there must be alleged (and <u>ultimately proved</u>) an 'injury in fact' -- a harm suffered **by the plaintiff** that is 'concrete' and 'actual or imminent' **not 'conjectural or hypothetical',**" Whitmore v. Arkansas, [supra] at 1723, <u>quoting,</u> Los Angeles v. Lyons, 461 US 95, 101-102, 103 S Ct 1660, 1665, 75 L Ed 2d 675 (1983),
> 
> Second, **there must be causation** -- a fairly traceable connection between **the plaintiff's injury** and the complained-of conduct of the defendant. Simon v. Eastern Ky. Welfare Rights Organization, 426 US 26, 41-42, 96 S Ct 1917, 1925-1926, 48 L Ed 2d 450 (1976).

> And third, **there must be redressibility -- a liklihood that the requested relief will redress the alledged injury.** Id. at 45-46, 96 S Ct at 1927-1928. [cites omitted]. This triad of injury in fact, causation, and redressibility constitutes the core of Article III's case or controversy requirement, **and the party invoking federal jurisdiction bears the burden of establishing its existence."**

Steel Co. at 118 S Ct 1016-1017. [emphasis added]

Nowhere in the record of this case did the Government attempt to establish standing by any means other than mere invoking of federal jurisdiction through allegations of federal statute violations. There was no showing of "injury in fact," "causation," or "redressibility."

At the inception of the united States of America, Thomas Jefferson recognized that people were to be sovereign -- that the government would derive its powers from those it would govern. This completely new concept of government was based on the principle that the People were a creation of God -- that they were endowed by their Creator with Rights that man could not alienate unless one of the people violated the God given rights of another. That violation had to manifest itself in actual injury, not hypothetical "offenses" against the state. In the 20th Century the Supreme Court recognized that governments tend to exploit the powers granted to it by the sovereign, and they articulated that such exploitation was forbidden:

> "Where Rights secured by the constitution are involved there can be no Rule making, nor Legislation that would abrogate them."

Miranda v. Arizona, 384 US 436 (1966). Fay had a right to unalienable Liberty unless the Government showed by clear and convincing evidence that he had

"caus[ed]" "injury in fact" upon the person of another individual, and that the remedy sought by the Government would "redress" that injury. However, Fay's unalienable right to liberty was violated because no "injury in fact" was ever shown, so "causation" was impossible to show. However, the "redress" prong of the <u>Steel Co.</u> test shows the absurdity of the Government's purported "remedy." supposedly, FAY injured society at large by his conduct, but it is society at large that is being <u>injured in fact</u> by the Government's purported "remedy." FAY is sentenced to nearly 99 months of total imprisonment, at a yearly cost of $23,000.00. Who is paying the cost of that imprisonment? -- The supposed victim, society at large, is paying that cost now estimated at an aggregate cost of $190,000.00.

Forcing the "victim" to pay for the "remedy" does not "redress" the injury -- it only exacerbates the injury, -- if there was one.

It is incumbent upon this Court to vacate the void judgement in case number 1:01-CR-00811-01-JOF because Fay's constitutional rights to unalienable liberty have been violated where the Government never had standing to hale him into federal court in the first instance, and "...all executive and judicial officers, both of the United States and of the several States, shall be bound by oath or affirmation to support **this** Constitution...." Federal Constitution at Article VI, Section 2.

Conclusion

This judgement is void <u>ab initio</u> and the judgement must be vacated. The Court has no discretion to take any other course of action.

Respectfully submitted this 14th day of January in the year of our Lord two thousand and ten at Bowie County, Texas.

_[signature]_
CURTIS JAMES FAY, by
authorized representative,
Curtis James Fay, Sui Juris

## CERTIFICATE OF SERVICE

I, Curtis James Fay, hereby certify that I have served a true and correct copy of:

NOTICE OF MOTION, and MOTION TO VACATE VOID JUDGEMENT

Which is deemed filied at the time it was delivered to prison authorities for forwarding to the addressee, pursuant to the Supreme Court of the United States of America acting in its Article III capacity for the people.

The above document(s) are served upon the plaintiff(s)/respondent(s) and or thier attorney(s) of record, by hand delivering same in a sealed envelope with first class postage prepaid and affixed thereto, and addressed to:

> U.S. District Court
> Northern District of Georgia
> James N. Hatten, District Clerk
> 2211 U.S. Courthouse
> 75 Spring Street, S.W.
> Atlanta, Georgia 30303-3361

to mail personnel at Federal Correctional Institution, P.O. Box 7000, Texarkana, Texas, 75505 on January 22, 2010.

I Declare under penalty of perjury, pursuant to Title 28 USC § 1746 that the foregoing is true and correct.

_Curtis James Fay_
Curtis James Fay, sui juris